IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Keisha Alexander ) | Court No.: |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Shay B. Beautiful Limited Liability Company ) | |
| ) | |
| Defendant ) | |

**COMPLAINT**

Keisha Alexander, ("Plaintiff") by her attorney, Anthony M. Verna III, Esq., hereby files the following Complaint against Shay B. Beautiful Limited Liability Company ("Defendant").

**NATURE OF THE ACTION**

1. Plaintiff is doing business as The Beautyprint and believes that she is be damaged by U.S. Registration No. 6,179,294 (the "Registration") for the mark THE BEAUTYPRINT that Defendant has registered and used in the United States.

2. In particular, this case concerns Defendants' willful infringement of the Plaintiff's trademark in common law, confusing consumers and likely to confuse consumers.

3. Despite the intellectual property ownership of the Plaintiff, Defendant introduced the services and other beauty-industry services that Defendant sells with Plaintiff's trademark.

4. Defendant undertook this behavior without the consent of the Plaintiff and Defendant created these services and other beauty-industry related services with unauthorized branding in order to siphon off sales from Plaintiff to Defendant.

**PARTIES**

5. Keisha Alexander, the Plaintiff, is an individual professionally known as "Kisa Alexander", doing business as The Beautyprint, and having a principal place of business at 92 St Nicholas Ave, Brooklyn, NY 11237.

6. Plaintiff is the owner of a common law trademark, THE BEAUTYPRINT.  (See **EXHIBIT A**.)

7. This THE BEAUTYPRINT mark is protected by common-law use as Plaintiff used the mark before the Defendant in commerce.

8. Upon information and belief, Defendant Shay B. Beautiful Limited Liability Company is, a Michigan limited liability company with a place of business at 440 Burroughs Street, Suite 181, Detroit, Michigan, 48202 and is a corporate entity that is valid, active, registered, and subsisting in the State of Michigan.

## JURISDICTION AND VENUE

9. Plaintiff repeats and realleges Paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10. Plaintiff does business in New York.

11. Defendant does business in New York.

12. Defendants are and have been causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, and selling the services bearing the mark THE BEAUTYPRINT in New York via its website and other means.

13. Upon information and belief, Defendant has purposefully availed itself of the State of New York by having sales here.

14. Upon information and belief, the Defendant sells its services in the State of New York and, more specifically, this judicial district.

15. Jurisdiction in this Court is proper pursuant to Fed. R. Civ. Proc. 7, 28 U.S.C. §1331.

16. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121.

17. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

18. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1119.

19. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1125.

20. This Court has personal jurisdiction over Defendant, which has purposefully availed itself of the laws of the State of New York by the marketing and sales of services bearing the THE BEAUTYPRINT trademark within the State of New York, including *via* the Internet.

21. The Court has diversity jurisdiction over the matter, because the Plaintiff and Defendants come from different states pursuant to 28 U.S.C. §1332(a)(1).

22. Venue in this Court is proper pursuant to 15 U.S.C. §1071(b)(4).

23. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

## BACKGROUND AND FACTS

24. Plaintiff repeats and realleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Plaintiff is a company that sells cosmetics and beauty services.

26. Plaintiff registered its domain name of thebeautyprint.com on January 16, 2015.

27. Since 2015, Plaintiff began to and continues to use the mark of THE BEAUTYPRINT in connection with blogs for women regarding issues of beauty, style, fashion, lifestyle and personal motivation, and inspiration. (See **EXHIBIT B**.)

28. At least as early as September 19, 2018, Plaintiff opened and continues to operate a physical "brick and mortar" beauty shop in Brooklyn, NY (the "Store") using the mark THE BEAUTYPRINT as the Store's name and providing hairstyling services, styling packages (for special occasions or for a client's overall look), capsule wardrobe, fashion consulting and progress tracking materials (journals, reports, etc.). Additionally, the Store sells hair, extensions, wigs, and clothing using the Mark as the name brand in addition to other name brand clothing and accessories. (See **EXHIBIT C**.)

29. At least as early as November 19, 2019, Plaintiff established and continues to operate an ecommerce website using the mark THE BEAUTYPRINT on the Shopify ecommerce platform for online retail stores ("SHOP.THEBEAUTYPRINT.COM") to which she has moved the blog which was started on the "THEBEAUTYPRINT.COM" website and through which Plaintiff also sells clothes and accessories.

30. The Defendant, on April 8, 2020, filed an in-use tradenark application, Serial No. 88/863833 in order to register the mark THE BEAUTYPRINT in International Class 41 to represent the following services: Coaching in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Education services, namely, mentoring in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Education services, namely, providing live and on-line classes, courses, workshops, seminars and conferences in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Education services, namely, providing online classes, courses, workshops, seminars and conferences in the field of

brand and business development, marketing and financial strategies for people in the beauty industry; Education services, namely, providing classes, courses, workshops, seminars and conferences in the fields of brand and business development, marketing and financial strategies for people in the beauty industry; Educational services, namely, providing on-line classes, courses, workshops, seminars and conferences in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Educational services, namely, providing classes, courses, workshops, seminars and conferences in the fields of brand and business development, marketing and financial strategies for people in the beauty industry; Membership club services, namely, providing training to members in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Workshops and seminars in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Arranging and conducting business seminars in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Arranging of seminars; Conducting workshops and seminars in personal awareness; Conducting workshops and seminars in self awareness; Conducting workshops and seminars in brand and business development, marketing and financial strategies for people in the beauty industry; Educational and entertainment services, namely, providing motivational speaking services in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Educational services, namely, conducting classes, courses, workshops, seminars and conferences in the field of brand and business development, marketing and financial strategies for people in the beauty industry and distribution of educational materials in connection therewith; Educational services, namely, providing educational speakers in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Entertainment services in the nature of arranging social entertainment events; Entertainment services in the nature of hosting social entertainment events; Entertainment services in the nature of organizing social entertainment events; Entertainment services, namely, providing podcasts in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Entertainment services, namely, providing video podcasts in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Life coaching services in the field of brand and business development, marketing and financial strategies for people in the beauty industry; On-line journals, namely, blogs featuring brand and business development, marketing and financial strategies for people in the beauty industry; On-line video journals, namely, vlogs featuring non-downloadable videos in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Organization of seminars; Peer to peer coaching services in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Personal coaching services in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Professional coaching services in the field of brand and business development, marketing and financial strategies for people in the beauty industry; Providing a website featuring blogs and non-downloadable publications in the nature of articles

and brochures in the field(s) of brand and business development, marketing and financial strategies for people in the beauty industry; Providing group coaching in the field of brand and business development, marketing and financial strategies for people in the beauty industry.

31. The set of services in Defendant's trademark application for THE BEAUTYPRINT are similar and economically related to the set of goods and services that the Plaintiff provides under THE BEAUTYPRINT.

32. Defendant's trademark application for THE BEAUTYPRINT alleges a date of first use of the Mark in interstate commerce of February 2, 2020. Attached to Respondent's Application were specimens of use consisting of 2 screen shots of the Respondent's website displaying how the trademark is being used in connection to the services.

33. Defendant's registered on October 20, 2020.

34. Plaintiff's use of THE BEAUTYPRINT trademark occurs prior to Defendant's use of the same mark.

35. Plaintiff's trademark, THE BEAUTYPRINT, possesses a high degree of distinctiveness and represents an extremely valuable asset of Plaintiff's business.

36. Defendant is creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing services without the authorization of Plaintiff or license from Plaintiff.

37. Consumers are confused and likely to be confused between the THE BEAUTYPRINT products and services from the Plaintiff and the THE BEAUTYPRINT services from the Defendant.

## COUNT I
### (False Designation of Origin Under 15 U.S.C. § 1125)

38. Plaintiff repeats and realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

40. Plaintiff's THE BEAUTYPRINT trademark has become highly distinctive of the goods and services listed above.

41. By its use or imminent use of THE BEAUTYPRINT without the consent or authorization of Plaintiff as described above, Defendant has falsely designated the origin of Defendant's services, and Defendant has thereby competed unfairly with

Plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a), as amended.

## COUNT III
### (Common Law Unfair Competition)

42. Plaintiff repeats and realleges Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Defendants' acts of creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products without the authorization of Plaintiff or license from Plaintiff mean that the Defendants are deceptively trying to "pass off" their products as those of the Plaintiff, or as somehow related to or associated with, or sponsored or endorsed by the Plaintiff, thereby exploiting the Plaintiff's reputation in the marketplace.

44. Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' infringing products, or as to a possible affiliation, connection or association between Plaintiff and Defendants, and/or between Plaintiff's products and Defendants' infringing products in violation of Plaintiff's rights under the common law of the State of New York.

45. Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive acts, unless restrained by this Court.

46. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

47. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT V
### (Common Law Trademark Infringement)

48. Plaintiff repeats and realleges Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. This claim is for trademark infringement and in violation of the common law of the State of New York.

50. The aforesaid conduct of Defendant constitutes willful trademark infringement under the common law of the State of New York.

51. Upon information and belief, by their actions, Defendant intends to continue their unlawful conduct, and to willfully infringe Plaintiff's THE BEAUTYMARK trademark, unless restrained by this Court.

52. Upon information and belief, by their willful acts, Defendant has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

53. Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT VI
**(Request for Declaratory Relief Opposing Defendant's Trademark Application)**

54. Plaintiff repeats and realleges Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. Plaintiff seeks declarations pursuant to 28 U.S.C. § 2201 and 15 U.S.C. § 1119 that THE BEAUTYPRINT trademark application the Defendant filed should be cancelled for the reasons stated in this Complaint.

56. Defendant's trademark application serial number 88/863833 for THE BEAUTYPRINT should be cancelled on the basis that Plaintiff has priority in use of this mark, and the use of Defendant's trademark would cause a likelihood of confusion with consumers.

57. Plaintiff will be harmed unless trademark application with serial no. 88/863833 for THE BEAUTYPRINT is cancelled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

1. Permanently enjoin Defendant from using the mark THE BEAUTYPRINT in any capacity in connection with any goods or services;

2. Adjudge that Plaintiff recover from Defendant its damages in an amount to be determined at trial;

3. Adjudge that Defendant be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendant's profits under 15 U.S.C. §1114, plus prejudgment interest;

4. Adjudge that Defendant be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendant's profits under 15 U.S.C. §1117, plus prejudgment interest;

5. An order to the Trademark Trial and Appeal Board and the United States Patent and Trademark Office to cancel trademark application with serial number of 88/863833 for THE BEAUTYPRINT;

6. For reasonable attorneys' and expert witness fees; and

7. Grant any other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

Dated: February 2, 2023

*[signature]*

Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580

Attorney for Plaintiff
Keisha Alexander

**EXHIBIT A**





**EXHIBIT B**



**EXHIBIT C**





